### SHOEMAKER ET AL. v. BECKER ET AL.

1. A lease is not necessarily void under Revised Statutes, 4364) and *Goodall* v. *Brewing Co.,* 56 Ohio St., 257, because the lessee maintains a bowling alley in conjunction with his sale of liquors. The force of the statute is aimed at the bowling alley and the sale of liquors is not rendered unlawful under the section quoted.
2. It is no defense to an action for rent under a written lease in which the unlawful use of the premises is expressly provided against, that the lessor and lessee had a secret understanding that the leased premises were to be used for an unlawful purpose, where the action is brought by the lessor's grantee and there is no showing that the plaintiff knew of the secret understanding or the unlawful use.

HOSEA, J.

The action being for rent under a written lease, the second defense alleges, in substance, that it was understood and agreed by defendant and plaintiff's grantor, that "notwithstanding the provisions in the lease to the contrary," the premises were to be used for an unlawful purpose, to to wit: selling spirituous liquors and maintaining a bowling alley; and that defendant did in fact do so.

The defense is based on the statute making it a penal offense for one being the keeper of a public house or retailer

of spirituous liquors to operate a ball or nine pin alley in conjunction with said traffic. R. S., 7000.

It is argued that the unlawfulness in question extends to and makes the sale of liquors in such connection unlawful; and that this, in turn, brings the lease within the purview of R. S., 4364, which declares that "all contracts whereby any building or premises are rented or leased * * * for the sale of intoxicating liquors, shall be void." (This section has been construed in *Goodall* v. *Brewing Co.*, 56 Ohio St., 257, as relating only to the *unlawful* sale of spirituous liquors.)

The logic of the argument, however, is not persuasive, because it involves a false premise. R. S., 7000, reads thus:

"Whoever, being the keeper of a public house, or retailer of spirituous liquors, establishes, keeps, or permits to be kept, upon his lot or premises, any ball or nine pin alley * * * shall be fined not more than $100 nor less than $10," etc.

It is clear that this statute is aimed at the pin alley and not at the liquor selling; and this will more than clearly appear when we take into consideration the ancient common law objection to nine pin alleys, which were discountenanced as being resorts of the idle and vicious. The wording of the statute is too explicit to sustain the theory of the argument.

But the general principle established by the authorities is also adverse to the defendant's contention.

It was held by Lord Mansfield in *Holman* v. *Johnson*, Cowp., 341; by Buller, J., in *Waynell* v. *Reid*, 57 Term, 590, and by Lord Abinger in *Pellicet* v. *Angell*, 2 Cromp. M. & R., 311, that, to avoid a sale on the ground of unlawful use of the thing sold, something more than mere knowledge, by the seller, of the intent of the purchaser must be shown.

In *Tracy* v. *Talmage*, 14 N. Y., 162 (67 Am. Dec., 132), the principle is thus stated:

"If it be made part of the contract of sale that the property shall be used for an unlawful purpose, or, if the vendor,

with knowledge of the intent of the purchaser, do anything beyond making of the sale in aid or furtherance of the unlawful design, he can not recover for the property. * * *

"Where the parties to a contract or transaction not *malum in se,* but prohibited by a statute, are not equally guilty, courts may afford relief to the less guilty party."

Also on page 177:

"Upon the whole, I think it clear, in reason as well as upon authority, that in a case like this, where the sale is not *necessarily per se* a violation of law, unless the unlawful purpose enters into and forms a part of the contract of sale, the vendee cannot set up his own illegal intent in bar of an action for the purchase money." *Hill* v. *Spear,* 50 N. H., 253 (9 Am. Rep., 205).

The case of *Updike* v. *Campbell,* 4 Smith (E. D.), 570, contains an analysis of many English and American cases, and states the principle thus:

"From these cases, I think the general deduction must be that mere knowledge that the lessee would use the premises in violation of the statute, is not sufficient to avoid the lease, unless the lessor was a party to such intent and did some act in furtherance of the intended violation of the law. * * * The tenant was at liberty to follow his own conclusions as to the use he will make of the premises. He was under no obligation to so use them, nor did the lessor do anything to aid in such use." (To same effect, see *McKinney* v. *Andrews,* 41 Tex., 363; *Steele* v. *Curle,* 34 Ky. [4 Dana], 381, 390.)

A lease, at common law, being regarded as a sale of a limited estate in real property, the above cases apply.

Perhaps the most striking case to be found is that of *Taylor* v. *Levy,* 24 Atl. Rep., 608 (C. App., Md., 1892), which presents as strong a case on the facts as could be well imagined. The lessor, who had been in the unlawful business of maintaining a pool room, sold his equipment and

leased his premises to the defendant. The court of appeals says:

"We are all of opinion that there is no evidence from which the jury could find that the premises were rented to defendant for the purpose of using it as a pool room.

"Plaintiff did know that the premises had been and were used for that purpose. But there was no evidence that defendant was obliged to use it for that purpose. He could have used it for any other lawful purpose."

In the case at bar, the language of the answer shows that the covenants of the lease contain the usual stipulation against unlawful use; and even if a secret understanding to the contrary existed and could have been enforced between the parties, it is not charged that the plaintiff, the purchaser of the leased premises, had any knowledge of that fact when he acquired the property. Without such knowledge on his part the defense could not be maintained.

Demurrer sustained.

*Chas. B. Wilby,* for plaintiff.
*Albert Bettinger,* for defendant.